UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GURPREET SINGH SANDHU<br>　　　　Defendant. | CASE NO. CR16-80-RSM-005<br><br>DETENTION ORDER |

<u>Offenses charged</u>:

1. Conspiracy to Distribute Cocaine and Heroin

2. Attempted Possession of Cocaine and Heroin with Intent to Distribute

<u>Date of Detention Hearing</u>:   February 7, 2023.

　　　The Court, having conducted a detention hearing pursuant to 18 U.S.C. §3142(f) and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

DETENTION ORDER
PAGE -1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant has been charged with drug offenses, the maximum penalties of which are in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e). Defendant is a Citizen of Canada and has lived in British Columbia for twenty-four years. Defendant has two children with his wife, all of whom live in Canada. Defendant possessed a Canadian and Indian passport. The former was seized by Canadian officials in 2018 pursuant to this matter, and the latter Defendant claims expired at an unknown time. He alleged that he visited India approximately four times since moving to Canada, however his wife reported that he visited India nearly annually since 1998. His last visit to India took place in 2017, after he became aware of the Indictment in this matter.

2. Defendant poses a risk of flight based on his significant ties to Canada and India and lack of material connections to the United States. His wife, two children, and parents live in Canada. Defendant has no connection or ties to the Western District of Washington. Location monitoring equipment provided by Pretrial Services would not function properly outside of the United States. Further, Pretrial Services does not have an agreement with the supervision office in Canada to provide courtesy supervision. During extradition proceedings in the instant action, Defendant was untruthful with the Canadian authorities when he asserted that he was in ongoing negotiations with the US authorities, in an apparent effort to delay the proceedings. The weight of the evidence in strong, in that when Defendant was stopped at the border in the instant offense, he admitted that he had a secret compartment in his truck, that he met with an individual in Washington to pick up drugs, and that his role was to transport the

drugs across the border.

3. There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings.

It is therefore ORDERED:

1. Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Probation Services Officer.

DATED this 7nd day of February, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

DETENTION ORDER
PAGE -3